UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15CV-00131-JHM

ANNA FRANKUM                                                                                   PLAINTIFF

V.

ACTIVE DAY KY, INC., ET AL.                                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Anna Frankum, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. [DN 6]. Fully briefed, this matter is ripe for decision.

I. BACKGROUND

Plaintiff, Anna Frankum, filed an action on January 15, 2015, in Jefferson Circuit Court asserting a negligence claim against Active Day KY, Inc., d/b/a Active Day Hikes Point, and Friendly Harbor Services, Inc., d/b/a Active Day Kentucky Transportation. On February 6, 2015, Defendants, Active Day KY and Friendly Harbor Services, removed this action to this Court based on diversity jurisdiction. In their notice of removal, Defendants allege that Active Day KY is a citizen of both Delaware and Pennsylvania and that Friendly Harbor Services is a citizen of both Massachusetts and Pennsylvania. On February 18, 2015, Plaintiff moved to remand the action to the Jefferson Circuit Court arguing that Friendly Harbor Services is actually a resident of Kentucky with a principal place of business of Louisville, Kentucky, and therefore, diversity of citizenship under 28 U.S.C. § 1332(a) does not exist.

II. STANDARD OF REVIEW

As a general matter, a civil case brought in a state court may be removed by a defendant

to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1332(a). "The party invoking federal court jurisdiction -- in this case, [Defendants], as removing party -- has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010).

### III. DISCUSSION

Plaintiff filed this motion for an order of remand claiming this Court does not have jurisdiction over this cause of action. The federal diversity jurisdiction statute states that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff does not contest the amount in controversy. And while Plaintiff stipulates that Active Day KY is a citizen of another state, Plaintiff contends that Friendly Harbor Services, Inc., d/b/a Active Day Kentucky Transportation, is a citizen of Kentucky because its operations in Kentucky have a mailing address of Louisville, Kentucky. Accordingly, at issue is whether Defendant, Friendly Harbor Services, Inc., is a diverse party.

Craig O. Mehnert, Chief Operating Officer and Director of Friendly Harbor Services, avers that Friendly Harbor is a foreign corporation incorporated under the laws of the Commonwealth of Massachusetts and has its principal place of business in Trevose, Pennsylvania. Mehnert further states that Friendly Harbor Services does business in Kentucky under the assumed name of Active Day Kentucky Transportation. Mehnert represents that for its

operations in Kentucky, Friendly Harbor Services has a mailing address in Louisville, Kentucky and that Active Day Kentucky Transportation is an assumed name and is not a separate business entity from Friendly Harbor Services. (Craig Mehnert Aff. ¶¶ 7-10.) Defendant submits the Annual Report of Friendly Harbor Services as further support of its place of incorporation and its principal place of business. (Annual Report of Friendly Harbor Services).

After a review of the affidavit of Craig Mehnert and the Annual Report of Friendly Harbor Services, the Court finds that Defendants have satisfied their burden of demonstrating that there is complete diversity of citizenship between the parties. Plaintiff is a citizen of Kentucky. Active Day KY is a citizen of both Delaware and Pennsylvania, and Friendly Harbor Services is a citizen of both Massachusetts and Pennsylvania. Accordingly, the Court has subject matter jurisdiction over Plaintiff's action, and the motion to remand is denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Anna Frankum, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction [DN 6] is **DENIED**.

                                                          Joseph H. McKinley, Jr., Chief Judge
                                                            United States District Court

cc: counsel of record                                                            May 6, 2015